IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                             FINAL HEARING ORDER

            Plaintiff,

                                             11-cr-13-bbc

     v.

TRACI GRAY and
SAMANTHA JOHNSON,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A final hearing was held in this case on June 9, 2011, before United States District Judge Barbara B. Crabb. The government appeared by Daniel Graber. Defendants appeared in persons and by counsel, Patrick Stangl, Mark Eisenberg and Kim Zion.

      Counsel predicted that the case would take 3 days to try. They understand that trial days will begin at 9:00 and will run until 5:30, with at least an hour for lunch, a short break in the morning and another in the afternoon.

      Counsel proposed and I approved several additions to the voir dire questions in the form distributed to them at the conference. The jury will consist of 12 jurors plus two

1

alternates to be selected from a qualified panel of 31. The government will exercise six peremptory challenges against the panel plus one against the alternates. Each defendant will exercise 5 peremptory challenges against the panel plus one against the alternate pool.

Before counsel give their opening statements, the court will give the jury introductory instructions on the way in which the trial will proceed and their responsibilities as jurors.

Counsel agreed that all witnesses would be sequestered. Counsel are either familiar with the court's visual presentation system or will make arrangements with the clerk for instruction on the system.

Counsel should use the microphones at all times and address the bench with all objections. If counsel need to consult with one another, they should ask for permission to do so. Only the lawyer questioning a particular witness may raise objections to questions put to the witness by the opposing party and argue the objection at any bench conference.

Counsel discussed the instructions on liability briefly. Both sides have substitutions and additions they want to make. Final decisions on the instructions and form of verdict will be made at the instruction conference once the parties have put in their evidence.

The government made its <u>Santiago</u> proffer, which I approved tentatively, pending receipt of the evidence at trial. It also raised certain Fed. R. Evid. 609(a) issues, which were resolved when defendants agreed that Bowling could be impeached only with his prior convictions in this court for two crimes and that witness Vince Anderson could be impeached

2

only with his prior conviction for use of a communication device in connection with the sale of crack cocaine.

The government asked for reciprocal pretrial discovery of Jencks Act materials; defendants agreed to produce any that they had.

The following rulings were made on the parties' motions in limine.

## Government's Motions

1. Motion no. 1

The government's motion to bar defendants from bringing up issue of materiality as defense; materiality is not an element of false statement under 18 U.S.C. § 1014 is GRANTED.  The government does not have to show that false statements actually influenced the bank or that defendant's conduct exposed the bank to risk of loss and it is irrelevant whether the bank detected the false statement.

The government's motion to bar defendants from arguing that they did not act with intent to deceive bank is GRANTED.  All that the government has to prove is that defendants knew statements in loan application were false and were made for the purpose of obtaining a home loan.

The government's motion to bar defendants from putting in evidence of Bowling's other fraudulent acts is GRANTED.  Defendants will not be allowed to put in evidence of

3

Brian Bowling's alterations in other cases in an effort to show that he made alterations in her loan documents without her knowledge. They will however be allowed to put in 608(b) acts that show his character for truthfulness.

The government's motion to bar defendants from putting in their own hearsay statements through cross-examination of government witnesses is GRANTED. Such evidence would be hearsay, not admissible for non-hearsay purposes and not being offered for the truth. It can be admitted as prior consistent statement only if defendants testify and have their credibility attacked and then show that statements were made before they had any motive to fabricate.

The government's motion to bar defendants from putting in evidence that others were engaged in mortgage fraud is GRANTED.

The government's motion to bar defendants from putting in evidence that banks knew that "stated income" loans contained false statements is GRANTED. The evidence is not relevant.

The government's motion to bar defendants from putting in evidence of the government's decisions to enter into plea agreements with some witnesses involved with Bowling and Platinum Concepts is GRANTED.

The government's motion to bar defendants from putting in evidence of potential penalties is GRANTED.

The government's motion to bar defendants from saying anything to gain sympathy for situations as single mothers is GRANTED.

The government's motion to bar defendants from trying to define reasonable doubt is GRANTED.

The government's motion to bar defendants from arguing that the jury should acquit for any reason other than facts and law is GRANTED.

The government's motion to bar defendants from arguing a good faith reliance defense is GRANTED because the defense applies only to specific intent crimes and not to a crime of general intent such as the one charged in this case. A general intent crime requires only a showing that a defendant acted knowingly.

The government's motion to bar defendants from questioning Agent Freitag about his use of defendant Gray as FBI confidential source after she reported Bowling's crimes to FBI in 2008 is GRANTED.

2. Motion no. 2

The government's motion to bar defendants from putting in evidence of fraudulent business practices at Platinum Concepts and of Brian Bowling in particular is GRANTED. Defendants may call negative character witnesses after Bowling testifies; their testimony will be limited to specific acts showing lack of truthfulness, which they may not prove them up

5

by extrinsic evidence.

### Defendant Gray's Motions

1. Defendant Gray's motion no. 1

Defendant's motion to bar the government from making any reference to the EMC mortgage documents because they are inadmissible uncharged acts is GRANTED.

2. Defendant Gray's motion no. 2

Defendant's motion to bar the government from putting in any evidence of a $5,000 payment purportedly made by her to Richard Hinrichs related to the real estate transaction involving 2019 Sandhill Drive is DENIED.

Defendant's motion to bar the government from putting in any evidence of Hinrichs's purported forgiveness of $32,000 from $48,000 second mortgage is DENIED.

### Defendant Johnson's Motions

Defendant's motion no. 1

Defendant's motion to bar the government from putting in any evidence that

defendant accepted a referral fee from Hinrichs related to the Phillips/Hall real estate transaction is GRANTED.

Entered this 10th day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge